UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DENNIS MAURER,

    Plaintiff,

  v.

BRIAD WENCO, L.L.C.,

    Defendant.

No. 1:23-cv-02505

ORDER

**O'HEARN, District Judge.**

**WHEREAS,** this matter comes before the Court on Plaintiff's Motion for Default Judgment (ECF No. 9); and

**WHEREAS,** Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment against a properly served defendant who fails to respond; and

**WHEREAS,** "[b]efore the Court can enter default judgment, it must find that process was properly served on the Defendant," *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)), and "the party asserting the validity of service bears the burden of proof on that issue," *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); and

**WHEREAS,** "the Court is required to exercise sound judicial discretion in deciding whether [default] judgment should be entered . . . mak[ing] it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default," *Martino v. Comm'r of Soc. Sec.*, No. 19-10999, 2021 WL 1268318, at *1 n.2 (D.N.J. Apr. 6, 2021)

(internal quotation marks and citation omitted); and

**WHEREAS,** neither the Executed Returned Summons filed by Plaintiff, (ECF No. 3), nor the Motion for Default Judgment, (ECF No. 9), contain any facts of record from which the Court can conclude proper service was effectuated pursuant to Federal Rule of Civil Procedure 4(h); and

**WHEREAS,** Plaintiff's Motion for Default Judgment simply states that "Defendant was served with Summons and Plaintiff's Complaint on May 22, 2023," (ECF No. 9 at ¶ 2); and

**WHEREAS,** the Executed Returned Summons simply states that service was effectuated by leaving a copy of the Summons and Complaint with "Mary Sheridan . . . Managing Agent," (ECF No. 3); and

**WHEREAS,** Plaintiff, who bears the burden of proof on this issue, has not demonstrated that Mary Sheridan is in fact "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," FED. R. CIV. P. 4(h)(1)(B), or that she holds a similar role that satisfies Federal Rule of Civil Procedure 4(h) or New Jersey Court Rule 4:4-4; and therefore

**IT IS** on this __30th__ day of __November__, 2023,

**ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 9), is **DENIED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiff is granted sixty (60) days to effectuate proper service or re-file his Motion providing sufficient factual information from which the Court can determine service was properly made.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**